IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHARING SOUND, LLC,<br><br>                              Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br>NETFLIX, INC.,<br>WAL-MART STORES, INC.,<br>BARNES & NOBLE, INC., and<br>GAMESTOP CORP.,<br><br>                             Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. This is an action for patent infringement in which Sharing Sound, LLC ("Sharing Sound" or "Plaintiff") makes the following allegations against Amazon, Inc., NetFlix, Inc., Wal-Mart Stores, Inc., Barnes & Noble, Inc., and GameStop Corp.

**PARTIES**

2. Plaintiff Sharing Sound, LLC ("Plaintiff" or "Sharing Sound") is a Texas Limited Liability Company with its principal place of business at 1703 Judson Rd., Longview, Texas 75602.

3. On information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business at 1200 12th Avenue S., Seattle, Washington 98144. Amazon may be served with process through its registered agent, Corporation Service Company, 6500 Harbour Heights Parkway, Suite 400, Mukilteo, Washington 98275.

4. On information and belief, Defendant Netflix, Inc. ("Netflix") is a Delaware corporation with its principal place of business at 100 Winchester Circle, Los Gatos, CA, 95032. Defendant Netflix's registered agent in Texas is National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

5. On information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72712. Defendant Wal-Mart's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Ste. 2900, Dallas, Texas 75201.

6. On information and belief, Defendant Barnes & Noble, Inc. ("Barnes & Noble") is a Delaware corporation with its principal place of business at 122 5th Avenue, New York, NY 10011. Defendant Barnes & Noble's registered agent in Texas is Capitol Corporate Services, Inc., 800 Brazos, Ste. 400, Austin, Texas 78701.

7. On information and belief, GameStop Corp. ("GameStop") is a Delaware corporation with its principal place of business at 625 Westport Pkwy., Grapevine, Texas 76051. Defendant GameStop's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Ste. 2900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

10.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,233,682

11.     Plaintiff is the owner by assignment of United States Patent No. 6,233,682 ("the '682 Patent") entitled "Distribution of Musical Products by a Web Site Vendor Over the Internet" – including all rights to recover for past and future acts of infringement. The '682 Patent issued on May 15, 2001.  A true and correct copy of the '682 Patent is attached as Exhibit A.

12.     Amazon is in the business, among other things, of selling products over the Internet.  On information and belief, Defendant Amazon has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '682 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '682 Patent, including at least the Amazon.com website, to distribute one or more forms of music, videos, games and or textual media components or products over the internet. Defendant Amazon is thus liable for infringement of the '682 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

13.     Netflix is in the business, among other things, of selling products over the Internet.  On information and belief, Defendant Netflix has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '682 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '682 Patent, including at least the Netflix.com website, to distribute one or more forms of music, videos, games and or textual media components or products over the internet. Defendant Netflix is thus liable for infringement of the '682 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

14.     Wal-Mart is in the business, among other things, of selling products over the Internet.  On information and belief, Defendant Wal-Mart has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '682 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '682 Patent, including at least the Walmart.com website, to distribute one or more forms of music, videos, games and or textual media components or products over the internet. Defendant Wal-Mart is thus liable for infringement of the '682 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

15.     Barnes & Noble is in the business, among other things, of selling products over the Internet.  On information and belief, Defendant Barnes & Noble has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '682 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '682 Patent, including at least the Barnesandnoble.com website, to distribute one or more forms of music, videos, games and or textual media components or products over the internet. Defendant Barnes & Noble is thus liable for infringement of the '682 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

16. GameStop is in the business, among other things, of selling products over the Internet. On information and belief, Defendant GameStop has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '682 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making and using a system and method covered by claims of the '682 Patent, including at least the GameStop.com website, to distribute one or more forms of music, videos, games and or textual media components or products over the internet. Defendant GameStop is thus liable for infringement of the '682 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '682 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '682 Patent;

3. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '682 Patent as provided under 35 U.S.C. § 284;

4. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made as of the date of correspondence with each Defendant, or at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6. Any and all other relief to which Plaintiff may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Andrew W. Spangler
Andrew W. Spangler
Texas State Bar No. 24041960
Todd Y. Brandt
Texas State Bar No. 24027051
Spangler Law, PC
208 N Green St., #300
Longview, TX 75601-7312
Telephone: (903) 753-9300
spangler@spanglerlawpc.com

Gregory P. Love
State Bar No. 24013060
Scott E. Stevens
State Bar No. 00792024
Darrell G. Dotson
State Bar No. 24002010
STEVENS LOVE
P.O. Box 3427
Longview, Texas  75606
Telephone:  (903) 753–6760
Facsimile:  (903) 753–6761
scott@stevenslove.com
greg@stevenslove.com
darrell@stevenslove.com

ATTORNEYS FOR SHARING SOUND, LLC